FILED
Superior Court of California
County of Riverside
2/25/2021
C. Nakagawa
Electronically Filed

1  BOWMAN AND BROOKE LLP
   Richard L. Stuhlbarg (SBN: 180631)
2  970 West 190th Street, Suite 700
   Torrance, California 90502
3  Tel No.:   310/ 768-3068
   Fax No.: 310/ 719-1019
4
5  BOWMAN AND BROOKE LLP
   Andres F. Michel (SBN: 292626)
6  750 B Street, Suite 2200
   San Diego, California 92101
7  Tel No.:   619/ 376-2500
   Fax No.: 619/ 376-2501
8  Attorneys for Defendant, FCA US LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| JONATHAN LA WAYNE DAVIS, an individual,<br><br>         Plaintiff,<br><br>     vs.<br><br>FCA US LLC, a Delaware Limited Liability Company; MOSS BROS. CJD, INC. d/b/a MOSS BROS CHRYSLER DODGE JEEP RAM FIAT MORENO VALLEY, a California Corporation; and DOES 1 through 20, inclusive,<br><br>         Defendants. | CASE NO.: CVRI2100295<br><br>Assigned to: Hon. Monica Bachner<br>Department: 71<br><br>**FCA US LLC'S ANSWER TO COMPLAINT**<br><br>Action Filed: October 20, 2020<br>Trial:        None |

Defendant FCA US LLC ("FCA US"), for itself alone and for no other party, hereby answers Plaintiff's Complaint ("Complaint") as follows:

### GENERAL DENIAL

Under the provisions of section 431.30(d) of the California Code of Civil Procedure, FCA US denies each and every allegation, both specifically and generally, of each cause of action contained in Plaintiff's Complaint on file herein, and the whole thereof, and denies that Plaintiff was damaged in any sum or sums, or at all.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

1. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against FCA US.

### SECOND AFFIRMATIVE DEFENSE

### (Duration of Implied Warranty)

2. The duration of the implied warranty is one year for a new good. Civil Code § 1791.1(c).

### THIRD AFFIRMATIVE DEFENSE

### (Subject Vehicle Fit for its Intended Purpose)

3. FCA US is informed and believes, and on that basis alleges that the subject 2020 Chrysler 300, VIN: 2C3CCAAG5LH133766, was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of merchantability. (*American Suzuki Motor Corporation v. Superior Court* (1995) 37 Cal.App.4th 1291.)

### FOURTH AFFIRMATIVE DEFENSE

### (No Timely Revocation)

4. Plaintiff has no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance after the alleged breach and before a substantial change in the condition of the goods.

### FIFTH AFFIRMATIVE DEFENSE

### (Unreasonable or Unauthorized Use)

5. FCA US is informed and believes some of Plaintiff's concerns may have been caused by unreasonable or unauthorized use. (Civil Code § 1794.3.)

/ / /

/ / /

/ / /

## SIXTH AFFIRMATIVE DEFENSE

### (Misuse, Abuse, Improper Maintenance, or Other Exclusion)

6. FCA US is informed and believes, and on that basis alleges, that Plaintiff and/or others misused, abused and improperly cared for and maintained the subject 2020 Chrysler 300, VIN: 2C3CCAAG5LH133766, therefore, some or all of Plaintiff's nonconformities were or should have been excluded from coverage. Specifically, FCA US alleges that after appropriate discovery, one or more of the stated specific warranty exclusions may be applicable.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Evaluation)

7. FCA US is informed and believes, and on that basis alleges, at all times, FCA's evaluation of Plaintiff's repurchase request has been in good faith, consequently, Plaintiff has no claim for civil penalty for any alleged willful violation.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel, Laches, and/or Lack of Good Faith)

8. FCA US is informed and believes some or all of Plaintiff's claims may be barred by estoppel, laches and/or lack of good faith.

## NINTH AFFIRMATIVE DEFENSE

### (Third Party Resolution)

9. FCA US maintains a qualified third-party dispute resolution process, consequently, Plaintiff has no claim for civil penalty for any alleged willful violation. (*Suman v. BMW of North America, Inc.* (1994) 23 Cal.App.4th 1.)

## TENTH AFFIRMATIVE DEFENSE

### (Civil Code section 1794(e)(3))

10. FCA US is informed and believes, and on that basis, alleges that Plaintiff failed to provide written notice under Civil Code section 1794, subdivision (e)(3), and therefore, Plaintiff's civil penalty claim is barred.

/ / /

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

11. FCA US is informed and believes, and on that basis, alleges, that the Complaint, and each cause of action thereof, is barred by application of the statutes of limitation set forth in the Code of Civil Procedure §§ 337, 338, 339, 340, Commercial Code §2725 or any other statute of limitation applicable to the present action.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Maintain)

12. FCA US is informed and believes, and on that basis alleges that Plaintiff is precluded from recovery by reason of their failure to maintain and service the subject vehicle.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Substantial Impairment)

13. FCA US is informed and believes, and on that basis alleges that none of the alleged nonconformities claimed by Plaintiff substantially impaired the subject vehicle's use, value, or safety.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Warranty Claim for Alleged Design Defect)

14. FCA US contends that a breach of warranty claim may not be premised on a design defect claim as alleged here.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Breach of Express Warranty)

15. FCA US is informed and believes, and on that basis alleges that any and all obligations of FCA US under any applicable warranty were completely performed and fulfilled.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Civil Code Section 1793.2(b))

16. FCA US is informed and believes, and on that basis alleges, to the extent

Plaintiff alleges that FCA US's authorized repair facilities took more than 30 days to commence or perform repairs, conditions beyond the manufacturer's control were responsible for any such delay.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Improper Venue and Forum; Failure to Arbitrate)

17. FCA US is informed and believes, and on that basis alleges that the claim has been filed in an improper venue and forum because Plaintiff agreed to arbitrate this dispute when he signed the sales agreement.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

18. FCA US alleges that it may have additional affirmative defenses available to it of which it is not now fully aware. FCA US reserves the right to assert affirmative defenses after the same shall have been ascertained.

WHEREFORE, Defendant FCA US, prays as follows:

a. For dismissal of Plaintiff's Complaint with prejudice;

b. For judgment in favor of Defendant FCA US, against Plaintiff;

c. For the costs of suit herein; and,

d. For such other and further relief as the Court may deem just and proper.

DATED: February 22, 2021

BOWMAN AND BROOKE LLP

BY: _____
Richard L. Stuhlbarg
Andres F. Michel
Attorneys for Defendant,
FCA US LLC

**PROOF OF SERVICE**
**CCP 1013A(3)**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 750 B Street, Suite 2200, San Diego, CA 92101.

On February 22, 2021, I served the foregoing documents described as **FCA US LLC'S ANSWER TO COMPLAINT** on all interested parties in this action by enclosing ☒ **a true copy** ☐ **the original** of them in an envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY MAIL (CCP §1013(a) and §2015.5):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than **1** day after the date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY (CCP §1013(c) and §2015.5):** I sealed such documents in separate envelopes to each addressee and deposited each for collection by mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an Express Service carrier, or delivered to an authorized carrier or driver authorized by the U.S. Postal Service or an Express service carrier to receive documents, with delivery fees paid or provided.

☒ **BY ELECTRONIC SERVICE (CCP 1010.6.(b)(6):** Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the addressees persons at the electronic notification listed on the Service/Mailing List.

☐ **BY PERSONAL SERVICE (CCP §1011 and §2015.5)**: I delivered such envelope by hand to the addressee.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 22, 2021, at San Diego, California.

*Sheila Cavanaugh*
Sheila Cavanaugh

## **SERVICE/MAILING LIST**

**Jonathan La Wayne Davis v. FCA US LLC, et al.**
Los Angeles County Superior Court Case No. 20STCV40214

| | |
|---|---|
| Guy Mizrahi, Esq.<br>Arya Malek, Esq.<br>JOURNEY LAW GROUP, INC.<br>1762 Westwood Boulevard, Suite 260<br>Los Angeles, CA 90024 | **ATTORNEYS FOR PLAINTIFF**<br><br>Tel:     424/ 206-4303<br>Fax:    424/ 220-7388<br>Email:  eservice@journeylawgroup.com |