1  JOURNEY LAW GROUP, INC.
   Guy Mizrahi, Esq. (SBN 220930)
2  guy@journeylawgroup.com
   Arya Malek, Esq. (SBN 325782)
3  amalek@journeylawgroup.com
   1762 Westwood Blvd, Suite 260
4  Los Angeles, CA 90024
   Telephone: 424.206.4303
5  Facsimile: 424.220.7388

6  Attorneys for Plaintiff, JONATHAN LA WAYNE DAVIS

7
   BOWMAN AND BROOKE LLP
8  Richard L. Stuhlbarg, Esq. (SBN 180631)
   richard.stuhlbarg@bowmanandbrooke.com
9  Jennifer C. Koo, Esq. (SBN 309721)
   Jennifer.koo@bowmanandbrooke.com
10 970 West 190th Street, Suite 700
   Torrance, California 90502
11 Telephone: 310/ 768-3068
   Facsimile: 310/ 719-1019
12
   Attorneys for Defendant, FCA US LLC
13

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN LA WAYNE DAVIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, a Delaware Limited Liability Company; MOSS BROS. CJD, INC. d/b/a MOSS BROS CHRYSLER DODGE JEEP RAM FIAT MORENO VALLEY, a California Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 5:21−cv−00801−JGB−KK<br>[Filed October 20, 2020; Removed May 6, 2021]<br><br>**JOINT RULE 26(f) CONFERENCE REPORT**<br><br>Scheduling Conference:<br><br>September 27, 2021 at 11:00 a.m. |

-1-
JOINT RULE 26(f) CONFERENCE REPORT

24938052v3

TO THE HONORABLE COURT:

Counsel for Plaintiff, JONATHAN LA WAYNE DAVIS, and Defendant, FCA US LLC, participated in a teleconference on August 23, 2021 pursuant to Federal Rule of Civil Procedure 26(f). The parties hereby submit this Joint Rule 26(f) Report pursuant to Rule 26(f) and the Court's Order Setting Rule 26(f) Scheduling Conference.

### a. Statement of the Case

This is a "lemon law" or breach of warranty action arising out of Plaintiff Jonathan La Wayne Davis' ("Plaintiff") purchase of an allegedly defective 2020 Chrysler 300 (the "Vehicle") on or about April 16, 2020. The Vehicle was manufactured by Defendant FCA US LLC ("Defendant").

Plaintiff alleges causes of action for violations of the Song-Beverly Consumer Warranty Act. Specifically, Plaintiff alleges that 1) the Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to the engine and related systems, check engine light on, all lights on cluster are flashing, transmission and related systems, transmission control module, shifting, shifter locks up, delayed shifting, service shifter error message illuminated, shifter will bind, vehicle will not engage into gear, using manual release to engage into gear, transmission light illuminated; 2) such defects substantially impaired the subject vehicle's use, value, and/or safety to Plaintiff; 3) despite being offered a reasonable number of opportunities to repair such defects, Defendant has failed to repair the subject vehicle pursuant to the warranty; 4) Defendant was unable to service or repair the Vehicle to conform it to warranty within 30 days; and 5) Defendant has not replaced the vehicle or otherwise made restitution to Plaintiff, in violation of Defendant's statutory and warranty obligations. Defendant denies all of these allegations.

### b. Subject Matter Jurisdiction

Defendant removed this action to the Central District on May 5, 2021, based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Prior to its removal, Defendant filed its Answer to Plaintiff's Complaint on February 22, 2021 denying the essential allegations in the Complaint

**c. <u>Legal Issues</u>**

The key legal issues include whether Defendant violated the Song-Beverly Act, Cal. Civ. Code § 1793.2(d), and whether Defendant is liable for additional damages under the Song-Beverly Act.

Defendant denies the essential allegations of the Complaint. Defendant contends that the concerns experienced by Plaintiff are not defects covered by the limited written warranty, do not substantially impair the use, value, or safety of the Vehicle, and have been repaired within a reasonable number of repair attempts. Defendant contends it did not breach the limited express written warranty or implied warranty of merchantability. Defendant contends that at all relevant times, the Vehicle was fit for its ordinary purpose of providing transportation. Defendant contends that the vehicle was conformed to its warranties within a reasonable amount of time that did not exceed 30 days when presented for repairs.

Defendant has not completed its investigation or yet engaged in formal discovery concerning this matter. Defendant's defenses in this matter depends on the specific legal theories and factual bases advanced by Plaintiff. Defendant lacks specific information concerning the condition and use of the Vehicle throughout the applicable warranty period. FCA US has reserved its right to assert additional affirmative defenses after they have been ascertained.

**d. <u>Parties, Evidence, etc.</u>**

<u>Parties/Witnesses</u>:

- Plaintiff Jonathan La Wayne Davis;

- Defendant FCA US LLC, including but not limited to Defendant's authorized repair facilities, agents and employees, salesmen, service advisors, technicians, mechanics and customer service representatives

Key Documents:

*Plaintiff's Position*

- Sales Document;
- Repair Orders;
- Any other documents related to the defects;
- Technical Assistance cases related to the defects;
- Customer Assistance cases related to the defects;
- Internal Investigation documents related to the defects;
- Failure Rates and Warranty Claims for defective components;
- Defendant's policies and procedures related to warranty claims, handling of customer complaints, handling of repeat visits, handling of repeat customer complaints, repurchase requests, Song-Beverly compliance, and issuance of refunds.

*Defendant's Position*

Sales Contract, Repair Orders and Warranty Documents.

### e. Damages

Plaintiff Jonathan La Wayne Davis seeks all allowable damages under the Song-Beverly Consumer Warranty Act (Civil Code section 1794) including rescission and/or repurchase of the subject vehicle, consequential and incidental damages, a civil penalty of twice his damages as set forth in Civil Code sections 1794(c) and (e), attorneys' fees, costs and expenses per statute and prejudgment interest as set forth in Civil Code section 1794(d). The purchase price of the Vehicle was $40,930.21, with a 2x civil penalty of $81,860.21 totals $122,790.63, plus incidental and consequential damages, and attorneys' fees, costs, and expenses.

Defendant does not seek damages.

**f. Insurance**

There is no insurance coverage for the purposes of this case.

**g. Motions**

The parties do not anticipate joinder of any parties, amending any pleadings, or filing any dispositive motions but reserve their right to do so. Plaintiff and Defendant anticipate filing motions in limine.

**h. Manual for Complex Litigation**

The parties do not intend on utilizing any portions of the Manual for ComplexLitigation.

**i. Status of Discovery**

Formal discovery has not commenced. There was previous discovery conducted by Plaintiff prior to the removal of this case to Federal Court.

**j. Discovery Plan**

Rule 26(a) initial disclosures will be made 14 days after the parties' Rule 26(f) conference.

The parties do not believe discovery should be conducted in phases or otherwise be limited.

No changes to applicable limitations on discovery are proposed by the parties.

No other discovery orders are proposed by the parties.

Plaintiff's Discovery

Plaintiff will seek discovery on the following subjects:

1) The subject vehicle, including, but not limited to, the terms of the purchase agreement; the warranty under which the subject vehicle was covered for repairs;

2) The defects manifesting in the subject vehicle, including, but not limited to, the nature of the defects; the typicality of the defects in warranty-conforming vehicles of the same make, model, and year; the information known to and available to Defendant regarding the defects in vehicles of the same make,

model and year; Defendant's internal investigations into the causes and potential repairs of the defects; the failure rates of the defective components in the subject vehicle; Plaintiff's substantial impairment in the use, value, or safety of the subject vehicle as a result of the defects;

3) The repair efforts to correct the defects in the subject vehicle, including, but not limited to, the number of opportunities to repair provided to Defendant or Defendant's authorized repair facilities; the information and concerns communicated to Defendant or Defendant's authorized repair facilities regarding the subject vehicle at any given repair opportunity; the outcome of each repair opportunity;

4) Defendant's policies and procedures regarding the handling of warranty claims and repairs;

5) Defendant's policies and procedures regarding the handling of consumer complaints including vehicles that cannot be repaired, requests for repurchase, repeat concerns;

Plaintiff will be taking the deposition of Defendant's Person(s) Most Qualified regarding the above topics. Additionally, Plaintiff will be taking the depositions of the dealership personnel who were involved with the attempted service and repair of the Vehicle. These witnesses include the service advisors, service technicians and the dealership(s)' Person Most Qualified. Plaintiff will also take the deposition of all experts designated by Defendant.

The subjects of discovery may change as discovery takes place and information is exchanged. Plaintiff reserves the right to seek discovery regarding additional matters not listed herein.

Defendant's Discovery

Defendant will seek facts supporting Plaintiff's position on Defendant's alleged violations of the limited written warranty(ies) and implied warranty applicable to the Vehicle. Defendant will seek evidence of Plaintiff's claimed damages and proofs or

support of such damages. Defendant will seek to gather information known and available only to Plaintiff about the purchase, usage and servicing of the Vehicle. The information sought includes: the circumstances surrounding the purchase of the Vehicle, the condition of the Vehicle, Plaintiff's experiences with the Vehicle and efforts to repair the Vehicle, Plaintiff's visits to the dealerships and any independent repair facilities, the concerns and repairs not covered under warranty, and any communications with Defendant or its authorized dealers.

At this time, Defendant anticipates propounding interrogatories, requests for production and other written discovery on Plaintiff. Discovery may also be conducted as to percipient witnesses or third parties with knowledge of Plaintiff's use of the Vehicle, including family members and employees of servicing dealerships. Defendant reserves the right to serve additional interrogatories as discovery may reveal additional key witnesses. FCA US will also inspect the Vehicle.

FCA US' discovery will also include the depositions of Plaintiff and of percipient and third-party witnesses, an inspection of the Vehicle, and depositions of Plaintiff's experts, if necessary, upon designation and disclosure of experts.

### k. Discovery Cut-off

The parties propose June 20, 2022 as the discovery cut-off date.

### l. Expert Discovery

The parties propose July 11, 2021 as the date for initial expert disclosures, and July 25, 2022 as the date for rebuttal expert disclosures and September 5, 2022 for expert discovery cut-off under Rule 26(a)(2).

### m. Dispositive Motions

Plaintiff believes that issues or claims related to attorney's fees, settlement negotiations, expert testimony, and possibly others may be determined by motion in limine.

In the absence of any discovery disputes, and without waiving Defendant's right to bring discovery or pre-trial motions as appropriate, Defendant reserves its right to

file any dispositive motion including, but not limited to, a Motion for Summary Judgment/Adjudication

### n. Settlement / Alternative Dispute Resolution (ADR)

Plaintiff sent Defendant a demand letter on May 28, 2021. Plaintiff requested a response by June 4, 2021. On June 7, 2021, Defendant sent Plaintiff a response letter with a counteroffer. On June 18, 2021, Plaintiff made a further demand in response. On August 20, 2021, Defendant made a further counteroffer. The parties continue and are willing to continue settlement efforts.

The parties will agree to private mediation.

### o. Trial Estimate

Plaintiff requests a jury trial. Plaintif estimates five to seven days of evidence presented to the jury. Defendant estimates a 2 to 3 day jury trial

Plaintiff contemplates calling between 3 to 15 witnesses.

Defendant requests a bench trial and anticipates 1-2 days. Given the early stage of the matter, Defendant does not know the number of witnesses it intends to call at trial but estimates three (3) witnesses.

### p. Trial Counsel

Trial Counsel for Plaintiff includes Attorney Guy Mizrahi, and Attorney Arya Malek.

Trial Counsel for Defendant includes Richard L. Stuhlbarg and Jennifer C. Koo.

### q. Independent Expert or Master

The parties do not anticipate that this case will require the Court to appoint a master pursuant to Rule 53 or an independent scientific expert.

///
///
///
///
///

  **r. Timetable**

See Exhibit A.

  **s. Other Issues**

The parties are unaware of any other issues at this time.

Date: September 1, 2021         JOURNEY LAW GROUP, INC.

           By: _____/s/_____
             Guy Mizrahi, Esq.
             Arya Malek, Esq.
             Attorneys for Plaintiff,
             JONATHAN LA WAYNE DAVIS

Date: September 1, 2021         BOWMAN AND BROOKE LLP

           By: _____/s/_____
             Richard L. Stuhlbarg, Esq.
             Jennifer C. Koo, Esq.
             Attorneys for Defendant,
             FCA US LLC

# Exhibit A

JUDGE JESUS B. BERNAL
EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 5:21−cv−00801−JGB−KK | | | |
|---|---|---|---|---|
| Case Name | JONATHAN LA WAYNE DAVIS V. | FCA US LLC, ET AL. | | |
| **Matter** | | **Plaintiff(s)' Request mo/day/year** | **Defendant(s)' Request mo/day/year** | **Court's Order** |
| ☐ Jury Trial   or   ☐ Court Trial **(Tuesday at 9:00 a.m.)** Length: Plaintiff 5 to 7 days. Defendant 2 to 3 Days | | May 10, 2022 | August 29, 2022 | |
| Final Pretrial Conference [L.R. 16] and Hearing on Motions *In Limine* **(Monday - two (2) weeks before trial date)** | | April 26, 2022 | August 15, 2022 | |
| Last Date to Conduct Settlement Conference ✓ | | March 29, 2022 | May 23, 2022 | |
| Last Date to *Hear* Non-discovery Motions (Monday at 9:00 a.m.) | | January 17, 2022 | June 13, 2022 | |
| All Discovery Cut-Off (including hearing all discovery motions) | | January 25, 2022 | June 20, 2022 | |
| Expert Disclosure (Rebuttal) | | March 22, 2022 | July 25, 2022 | |
| Expert Disclosure (Initial) | | February 22, 2022 | July 11, 2022 | |
| Last Date to Amend Pleadings or Add Parties | | December 20, 2021 | December 20, 2021 | |

ADR [L.R. 16-15] Settlement Choice:

    ☐ Attorney Settlement Officer Panel

    ☑ Private Mediation

    ☐ Magistrate Judge

24940535v1

# PROOF OF SERVICE

**STATE OF CALIFORNIA** )
) ss.
**COUNTY OF LOS ANGELES** )

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the county of Los Angeles, State of California, and am not a party to the above-entitled cause. My business address is 1762 Westwood Blvd., Suite 260, Los Angeles, CA 90024.

On September 1, 2021, I served a true copy indicated below in the manner as provided in FRCivP 5(b), the. foregoing document described as: **JOINT RULE 26(f) CONFERENCE REPORT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, in Los Angeles, CA addressed as follows:

[SEE ATTACHED SERVICE LIST]

[ ] **BY OVERNIGHT DELIVERY**: I caused such envelopes to be delivered by courier, with next day service, to the offices of the addressees.

[ ] **BY MAIL**: I caused to be delivered by U.S. mail by placing a true copy thereof enclosed in sealed envelopes addressed as stated above. I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

[ ] **BY PERSONAL SERVICE**: I caused such envelopes to be delivered by hand to the offices of the addressees delivering it to the person(s) indicated below in the manner as provided in FRCivP 5(b)

[X] **BY ELECTRONIC MAIL**: I transmitted such document from Los Angeles, California, to the electronic mail address maintained by the person(s) on the SERVICE LIST pursuant to agreement of the parties.

___ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California

_X_ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 1, 2021, in Los Angeles, California

_____
Jaclyn Marolda

# PROOF OF SERVICE LIST
## DAVIS v. FCA US LLC
### Case No. 5:21−cv−00801−JGB−KK
### Page 1

| | |
|---|---|
| Richard L. Stuhlbarg, Esq.<br>Jennifer C. Koo, Esq.<br>BOWMAN AND BROOKE LLP<br>970 West 190th Street, Suite 700<br>Torrance, CA 90502<br>bowmanfcawarranty@bowmanandbrooke.com<br>richard.stuhlbarg@bowmanandbrooke.com<br>monica.hernandez@bowmanandbrooke.com<br>tammy.bokmuller@bowmanandbrooke.com | Attorneys for Defendant<br>FCA US LLC |